**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ALAN LEE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00763-BP** |
| | § | |
| **BUREAU OF PRISONS,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant United States of America's Motion to Dismiss and Appendix in Support (ECF Nos. 38, 39), filed on July 21, 2026; Plaintiff Alan Lee's Response and Brief in Opposition (ECF No. 45), filed on August 12, 2026; the United States' Reply (ECF No. 51), filed on August 27, 2026; and Lee's Surreply (ECF No. 57), filed on September 30, 2026.

Also before the Court are the United States' Motion for Summary Judgment, Brief in Support, and Appendix in Support (ECF Nos. 40, 41, 42), filed on July 21, 2026; Lee's Response, Brief, and Appendix in Opposition (ECF Nos. 49, 46, 47, respectively), filed on August 12, 2026; the United States' Reply (ECF No. 52), filed on August 27, 2026; and Lee's Surreply (ECF No. 58), filed on September 30, 2026.

After reviewing the pleadings and applicable legal authorities, the Court **GRANTS** the United States' Motion to Dismiss (ECF No. 38) and **DISMISSES** Lee's negligent exposure and negligent medical care claims **without prejudice**. To the extent Lee's negligent medical care claim is not derivative of his negligent exposure claim, the Court **GRANTS** the United States' Motion for Summary Judgment (ECF No. 40) on the negligent medical care claim and **DISMISSES** that claim.

## I. BACKGROUND

Lee, a former inmate at Federal Medical Center Fort Worth, was incarcerated there and worked as a heating, ventilation, and air conditioning technician during the COVID-19 pandemic. ECF No. 1 at 1-2; ECF No. 45 at 2. He alleges that he contracted COVID-19 in mid-January 2021 due to the negligence of the Federal Bureau of Prisons ("BOP") and its employees. ECF No. 1 at 1. Lee claims that BOP was negligent because it exposed him to hazardous conditions by having him service areas of the prison where people infected with COVID-19 were present. ECF No. 1 at 1; ECF No. 45 at 2. Lee further alleges that BOP inadequately addressed his COVID-19 symptoms, namely "brain fog," amounting to negligent medical care. ECF No. 1 at 1-2. He claims negligent exposure and negligent medical care under the Federal Tort Claims Act ("FTCA"), and he seeks to recover monetary damages. *Id.* at 1-2. The United States files a Motion to Dismiss (ECF No. 38) addressing Lee's negligent exposure and negligent medical care claims and a Motion for Summary Judgment (ECF No. 40) addressing his negligent medical care claim.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits motions to dismiss a case for lack of subject-matter jurisdiction. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted). A court thus "properly dismisse[s] for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, *Miss.*, 143 F.3d 1006, 1010 (5th

Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The "burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In considering a motion to dismiss a bare complaint, the Court must "merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)); *see also McDuffy v. Jessup*, No. 3:09-cv-2247-P, 2010 WL 11561772, at *1 (N.D. Tex. May 20, 2010) (explaining the court may consider answers to court-issued questionnaires as part of the complaint). "The Court must liberally construe the allegations of a *pro se* complaint." *Obinyan v. Prime Therapeutics LLC*, No. 3:18-cv-0933-D, 2020 WL 5351607, at *1 (N.D. Tex. Mar. 5, 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Any dismissal for lack of subject-matter jurisdiction "should be made without prejudice." *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (citing Fed. R. Civ. P. 41(b) and *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996)).

**B. Inmate Accident Compensation Act**

The Inmate Accident Compensation Act ("IACA") "provides 'the sole remedy' when a prisoner is injured while on the job." *Velazquez v. United States*, 835 F. App'x 733, 736 (5th Cir. 2020) (citing *Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. 1980)). "[C]ourts have held prisoners to be on the job . . . when riding an elevator to take a lunch break, *Wooten v. United States*, 437 F.2d 79, 80 (5th Cir. 1971)[] and[] being exposed to asbestos at work, *Smith v. United States*, 561 F.3d 1090, 1093-95 (10th Cir. 2009)." *Id.* Additionally, "derivative claims are precluded under the FTCA, so long as the original injury occurred while a party was on the job." *Id*; *see Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974) ("Despite the appellant's

allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the [FTCA] since the cause of his original injury was work-related and compensable under 18 U.S.C. § 4126"); *See also Delco v. United States*, No. 3:16-CV-933 HTW-LRA, 2019 WL 418555, at *3 (S.D. Miss. Jan. 15, 2019), *rec. adopted*, No. 3:16-CV-933, 2019 WL 418114 (S.D. Miss. Feb. 1, 2019) ("IACA is the exclusive remedy for work-related injuries, even if subsequently aggravated by negligence and malpractice on the part of prisoner officials" for inmate injured on the job who claimed negligent medical care for those injuries.).

### C. Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). "To satisfy this burden, . . . if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, [the movant may] demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court must view summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In considering the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Such evidence need not be in an admissible form but must be capable of being "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A party adverse to a motion for summary judgment "may not rest upon the mere allegations or denials of the adverse party's pleading." *Duplantis*, 948 F.2d at 190 (citing Fed. R.

Civ. P. 56(e)). Instead, the response "by affidavits or as otherwise provided in [Rule 56(c)], must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 190-91.

Overall, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242-43. The Court grants the movant's motion for summary judgment only if it meets its burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

**D. FTCA and Texas Medical Malpractice**

"The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (citing 28 U.S.C. §§ 1346(b)(1), 2674). Therefore, Texas law "controls liability." *Id.*

> Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). The plaintiff must establish the standard of care as a threshold issue before the factfinder may consider whether the defendant breached that standard of care to the extent it constituted negligence. *Id.* "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet the plaintiff's burden of proof. *Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

*Hannah*, 523 F.3d at 601. Expert testimony is required when medical injuries are "outside the common knowledge and experience" of the jury. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007); *Luevano v. United States*, No. EP-19-CV-00032-DCG, 2021 WL 2232465, at *5 (W.D. Tex. Apr. 29, 2021) ("Under Texas law, a plaintiff alleging medical malpractice bears the burden of establishing the standard of care, breach of the standard of care, and injuries proximately caused

by the breach with medical expert testimony.") (citing *Hollis v. United States*, 323 F.3d 330, 336–37 (5th Cir. 2003)).

## III. ANALYSIS

### A. The Court lacks subject-matter jurisdiction over Lee's claims.

Lee argues that dismissal would be improper because where he contracted COVID-19 is a "genuinely disputed question of fact" that "the Court cannot answer on this record." ECF No. 45 at 5. But Lee alleges that he contracted COVID-19 in the course and scope of his duties as an HVAC technician within the confines of FMC Fort Worth, and no evidence in the record contradicts this assertion. ECF No. 38 at 6; ECF No. 1-2 at 18. As the party bringing the suit, Lee must establish that the Court has subject-matter jurisdiction over his case. *See Howery*, 243 F.3d at 916. When a prison inmate is injured while on the job, the inmate must bring his or her claim under the IACA. *See Velazquez*, 835 F. App'x at 736. Since Lee alleges that he contracted COVID-19 while on the job in the prison, the Court lacks subject-matter jurisdiction over his claims, and the IACA is Lee's exclusive remedy. *Id.*

In his Complaint, Lee generally alleges that he contracted COVID-19 while working as a HVAC technician at one of the various areas where he was assigned. *See* ECF No. 1-2 at 18. He does not deny that he was employed as an HVAC technician or assert that he was exposed to COVID-19 anywhere other than through his work. *See* ECF No. 1. Construed liberally, the complaint possibly suggests that Lee was exposed to COVID-19 when another inmate, Charles Detherage, came "to the Dallas unit to give [him] tools." ECF No. 1-2 at 18; *see* ECF No. 45 at 5. But even if this contact was indeed the source of his infection, his injury occurred during his employment because a coworker handing him work tools was within the scope of his work. *See Velazquez*, 835 F. App'x at 736; *Wooten*, 437 F.2d at 80; *Smith*, 561 F.3d at 1093-95.

Lee's exclusive remedy lies with the IACA since Lee's exposure to COVID-19 allegedly occurred in the scope of his employment, and the Court does not have subject-matter jurisdiction over his claim. *See Thompson*, 495 F.2d at 193 (holding that "the district court correctly dismissed the suit, since it lacked jurisdiction to adjudicate the appellant's claim under" the FTCA). Therefore, the Court must dismiss Lee's claim without prejudice.

Lee also brings a negligent medical care claim, alleging that the BOP failed to properly address his symptoms after he contracted COVID-19. ECF No. 1 at 1-2. Because this negligent medical care claim arose from his work-related injury claim, it is a derivative claim over which the Court likewise lacks subject-matter jurisdiction. *See Thompson*, 495 F.2d at 193.

Since the Court lacks subject-matter jurisdiction over Lee's claims, it does not address the United States' remaining arguments for dismissal under the Texas Pandemic Liability Protection Act, limitation of damages under 28 U.S.C. § 2675(b), or Lee's argument that BOP's conduct was reckless or knowing. ECF No. 38 at 7-9; ECF No. 45 at 7-8.

**B. Summary judgment is proper on Lee's negligent medical care claim if it is not derivative of his exposure to COVID-19.**

To the extent the Court should review Lee's negligent medical care claim as not derivative of his negligent exposure claim, the United States is entitled to summary judgment on that claim because Lee has not produced any evidence to support it or raise a genuine issue of material fact for trial. *See Duplantis*, 948 F.2d at 190-91.

In accordance with Texas law, treatment of Lee's "brain fog" and any other symptoms related to COVID-19 is not "a matter of common knowledge" or "within the experience of a layman," and the law requires Lee to prove the proper standard of care through expert testimony. *Hannah*, 523 F.3d at 601. He also must show that there was a breach of that standard that proximately caused his injuries. *Luevano*, No. EP-19-CV-00032-DCG, 2021 WL 2232465, at *5.

Lee has not offered any evidence, through expert testimony or otherwise, establishing the standard of care, breach, and causation. Instead, he acknowledges that "[w]hether a course of clinical treatment met the standard of care may require an expert." ECF No. 46 at 5. Lee then argues that "[w]hether medical staff may refuse a patient access to sick call" is a dispute of material fact and that whether refusal was proper or not is a matter of common knowledge not requiring expert testimony. *Id.* Even if Lee's assertions were correct, whether prison medical officials should have referred him to a physician is not an element of his negligent medical care claim. *See Quijano*, 325 F.3d at 567. As mentioned previously, the claim of negligent medical care requires proof of the standard of care, breach, causation, and injury, and Lee has offered no evidence to present a genuine issue for the jury to consider for each of these elements, except for his alleged injury. *Id.* The burden is on Lee, and "[i]n the absence of any proof, the Court does not assume that the nonmovant could or would prove the necessary facts." *Little*, 37 F.3d at 1075. Because Lee has not offered evidence from an expert to raise a genuine issue of material fact for his negligent medical care claim, the United States is entitled to summary judgment, if the Court should have considered Lee's medical care claim as not being derivative of his work-related injury claim for exposure to COVID-19.

**C. Lee is not entitled to leave to designate an expert.**

In his Brief in response to the United States' Motion for Summary Judgment and Brief (ECF Nos. 40, 41), Lee stated that he "has moved concurrently for leave to designate his treating physicians as non-retained experts under Rule 26(a)(2)(C)." ECF No. 46 at 5. Lee did not file such a motion, his request is not a proper motion for leave, and such a motion is unnecessary under Federal Rule of Civil Procedure 26(a)(2) and the Court's Scheduling Order (ECF No. 30) and Amended Scheduling Order (ECF No. 36). Further, Lee's statement in his Surreply that

"[s]ummary judgment on expert grounds is premature while Plaintiff's treating-physician designation motion is pending" is unpersuasive for several reasons. ECF No. 58 at 2.

First, Lee's request for leave in this instance is unnecessary. The Court issued a scheduling order over a year ago on September 22, 2025, requiring Lee to designate any expert he may need to support his claims along with the expert's report by March 30, 2026. ECF No. 30 at 1. Lee did not make such a designation by the deadline, and even if the Court construed his designation as timely, it is substantively deficient as explained below.

Second, regardless of whether Lee sought leave to make late pretrial or trial disclosures of an expert, he offered no evidence from an expert in response to the United States' Motion for Summary Judgment in compliance with Federal Rule of Civil Procedure 26(a)(2)(C). If Lee wanted to designate one of his treating physicians under Rule 26(a)(2)(C), he needed to disclose "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify." Lee apparently never made such a disclosure. Instead, he maintains that expert testimony is not necessary in this case. ECF No. 46 at 5; ECF No. 58 at 2.

Finally, according to the Local Civil Rules of the Northern District of Texas, a request for leave must be presented as a motion with a brief and a certificate of conference. L.C.R. 7.1. Lee did not file such a motion and brief to which the United States could reply. Lee simply stating in his Surreply long after applicable deadlines and the filing of motions to dismiss and for summary judgment that he is moving "for leave to designate his treating physicians as non-retained experts under Rule 26(a)(2)(C)" is procedurally improper. ECF No. 46 at 5. Accordingly, Lee has not stated good cause for the Court to delay consideration of the United States' Motion for Summary Judgment. *Duckett*, 950 F.2d at 276.

## IV. CONCLUSION

Because the IACA provides Lee's exclusive remedy for injuries received from contracting COVID-19 on the job and recovering from that exposure, the Court lacks subject-matter jurisdiction over Lee's claims. Accordingly, the Court **GRANTS** United States' Motion to Dismiss (ECF No. 38) and **DISMISSES** Lee's claims **without prejudice** for lack of subject-matter jurisdiction. Additionally, to the extent Lee's negligent medical care claim is not derivative of his negligent exposure claim, the Court **GRANTS** the United States' Motion for Summary Judgment (ECF No. 40) and **DISMISSES** Lee's negligent medical care claim.

**SIGNED** on November 12, 2026.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE